**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **TROY R. SHOATE 3rd,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-0374-CVE-PJC |
| ) | |
| **CLOUMBIA INSURANCE GROUP,** ) | |
| **WILLIAM REMINGTON, BRAD D.** ) | |
| **SULLIVAN, and EQUITY INSURANCE** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court are plaintiff's complaint (Dkt. # 1) and his motion for leave to proceed in forma pauperis (Dkt. # 2). Plaintiff alleges that he was seriously injured in a car accident resulting from the negligence of Brad D. Sullivan, the driver, and William Remington, the owner of the car.[1] Plaintiff seeks relief for damages to the car and for his personal injuries, as well as punitive damages. Plaintiff originally filed a case based on the same allegations on May 11, 2009, N.D. Okla. Case No. 09-CV-274-CVE-PJC, and his complaint was dismissed by this Court for lack of subject matter jurisdiction. Plaintiff now files substantially the same complaint, but alleges damages totaling more than $75,000. However, this complaint still fails to include sufficient jurisdictional allegations, and it does not appear from the face of the complaint that this Court has subject matter jurisdiction over plaintiff's claims. The Court will again consider this issue sua sponte because the Court has such a duty whenever it appears that subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff's complaint does not contain any allegation relating to any liability that either "Cloumbia [sic] Insurance Group" or Equity Insurance may have in this matter.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership-1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

In this case, because plaintiff is proceeding pro se, the Court will construe his pleadings liberally when considering the allegations of his complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff's complaint does not allege any basis for federal subject matter jurisdiction and, regardless of plaintiff's pro se status, the Court can not permit plaintiff to proceed with the lawsuit if the Court lacks subject matter jurisdiction over his claims. While plaintiff now alleges an amount in controversy exceeding $75,000, he has still not alleged that the parties are diverse. Thus, there is no possibility that the Court could exercise diversity jurisdiction under 28 U.S.C. § 1332(a).

**IT IS THEREFORE ORDERED** that plaintiff's case is **dismissed** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **moot**.

**DATED** this 16th day of June, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT